*JACOB THOMAS

*vs.*

THE COUNTY COMMISSIONERS OF SCOTT COUNTY.

Under the provisions of *sections* 81 *and* 82, *ch.* 8, *Gen. Stat.*, in case of an appeal by the county attorney, from the allowance by the board of county commissioners, of a claim against a county, the cause of action set up in the complaint, and the subject matter charged for or the bill presented to, and allowed by the board, must be substantially identical. Application of this rule to the facts of this case. Upon such appeal, costs and disbursements may properly be allowed to the appellant, upon judgment in his favor.

The plaintiff presented a bill to the defendants for certain services as sheriff of Scott county. The commissioners allowed the bill, and the county attorney for that county took an appeal to the district court. In the district court, the cause was dismissed, and the defendants had judgment for costs against the plaintiff. The plaintiff appeals to this court. The case is fully stated in the opinion of the court.

HENRY HINDS for Appellant.

JOHN H. BROWN for Respondents.

*By the Court*—BERRY, J.—The appellant presented to the respondents a bill of which the following is a copy.

---

\* Ch. J. Ripley being prevented from being present at the argument took no part in the decision of the case.

" Scott County,        -      -      -      -        Dr.

To Jacob Thomas, sheriff of Scott county.  For going after horse thief under a warrant issued by Justice Sprague; for eight days, from the 27th day of August to the 28th, 29th, 30th, 31st, and September 1st, 3d and 4th, for service at three dollars per day.      -      -      -      $24.00."

The bill was audited and allowed by the respondents as follows:

" Jacob Thomas per diem for searching after horse thieves $24."

No fees of the kind claimed are allowed by statute to a sheriff.  *Gen. Stat.*, *ch.* 70, § 10.

He had therefore not only no right to charge them, but he is expressly forbidden to do so.  *Gen. Stat.*, *ch.* 8, § 172, *ch.* 70, § 36.

As the claim was not then a proper charge against the county, the respondents had no right to allow it.  The county attorney under *sections* 81, 82, *ch.* 8, *Gen. Stat.*, appealed from the allowance to the district court.

Under the provision of said section 82, requiring pleadings to be made up in the district court, the present appellant prepared a complaint, in which he claims $48, as sheriff's fees for traveling 480 miles, at ten cents per mile, in searching for an alleged horse thief, by virtue of a warrant which had been placed in the hands of the appellant, as sheriff, and he alleges that these are the same services referred to in his bill.  The proceedings were thereupon dismissed by the district court, upon the ground that the cause of action set up in the complaint, was not the subject matter adjudicated upon by the commissioners.  This was right.  The jurisdiction of the district court being purely appellate under the statute referred to, the object and scope of the appeal is to permit a *review* of the action of the commissioners,

not an adjudication upon a matter which has never been presented to, or passed upon by the commissioners. The subject matter charged for in the bill, and the cause of action stated in the complaint, must be substantially identical. The claim for per diem, which, as we have seen, the appellant had no right to make, or the commissioners to allow, was certainly not the same as a claim for mileage, which might legally be made, and allowed, if the travel was performed in the discharge of official duty. From an allowance of the former, it was the duty of the county attorney to appeal, as unauthorized. From the allowance of the latter, there might be no occasion to appeal. But if upon an appeal from the allowance of an illegal and unauthorized claim, the claimant can frame his complaint upon a legal and proper claim, or upon a claim which has never been presented to and passed upon by the commissioners, the very design of the appeal, as a proceeding in review, would be thwarted.

The district court was also right in granting costs to the respondents. Their allowance is manifestly contemplated by *sec.* 82, *ch.* 8, *Gen. Stat.*, before cited.

Judgment affirmed.